Opinion filed January 31, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed January 31, 2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-06-00335-CR

                                                    __________

 

                                   JOSE
O. MURGIA, JR., Appellant

                                                             V.

                                        STATE
OF TEXAS, Appellee

 



 

                                          On
Appeal from the 39th District Court

                                                       Stonewall
County, Texas

                                                     Trial
Court Cause No. 1840

 



 

                             O
P I N I O N   A S   T O   I N D I G E N C Y   A P P E A L

The
jury convicted Jose O. Murgia, Jr.[1] of assault on
a public servant and assessed his punishment at confinement for five years and
a $5,000 fine.  Appellant appeals both the merits of his conviction and the
trial court=s denial
of his motion for a free reporter=s
record.  This  opinion addresses only the issues appellant raises concerning the
trial court=s denial
of his motion for a free record.  We affirm the order.

The
record reflects that appellant has been represented by counsel at all stages of
the proceedings in the trial court and that counsel was not and has not been
appointed.  Appellant=s
retained counsel withdrew on March 29, 2007, and appellant is representing
himself. 








On
December 13, 2006, the trial court held a hearing on appellant=s counsel=s motion for a free
reporter=s record on
the merits.  The trial court denied the motion finding that appellant was not
indigent with regard to the reporter=s
record.  Both a clerk=s
record and a reporter=s
record concerning the motion for a free reporter=s
record have been filed in this court.

Appellant=s
brief concerning his appeal from the trial court=s
denial of the motion was first due to be filed in this court on or before May
30, 2007, thirty days after the date the reporter=s
record from the motion hearing was filed.  After various extensions, this court
abated the appeal on October 11, 2007, and directed the trial court to
conduct a hearing pursuant to Tex. R.
App. P. 38.8(b).  The trial court again heard evidence concerning
appellant=s financial
situation and determined that appellant was not indigent, that he did wish to
continue both of his appeals, and that he had failed to make the necessary
arrangements for the filing of either of his briefs.  Appellant was directed to
file his brief on or before January 4, 2008.  Rule 38.8(b)(4). 

The record from the motion hearing reflects that
appellant was employed and earned $4,224 gross a month.  Ester Murgia testified
that she had been married to appellant for ten years and that they had six
children living with them.  Ester stated that she was the one who paid the
family=s bills.
Appellant=s take-home
pay was approximately $3,400 a month.  The couple was buying their home and
paid $277.36 a month on their mortgage.  Property taxes for the year totaled
$167.23 for school taxes and $220.04 for other taxing entities.  She paid $56 a
month for home insurance, approximately $100 a month for propane,  and between
$300 - $400 on electricity each month.  The family paid for a home telephone
and for two cell phones.  The water bill was approximately $100 a month.  The
couple owned a Suburban that was paid for and an Avalanche that they made $468
a month payments on.  Ester testified as to other monthly expenses including
$200 for gas, $68 for cable, $600 in groceries, and $300 for entertainment. 
Ester stated that the family did not receive food stamps or WIC because both
had been terminated.  She stated that, while the school age children currently
received free lunches, she believed that soon she would be paying for their
lunches.  Ester testified that appellant had recently given her a nice vacuum
cleaner that they were making payments on.  Ester also testified concerning
accounts to Verizon, the local dentist, the local hospital, and several credit
card companies that were past due.








The
Texas Court of Criminal Appeals addressed the trial court=s determination on a motion
for a free reporter=s
record in Tuck v. State, 215 S.W.3d 411 (Tex. Crim. App. 2007).  In Tuck,
the court reiterated the well-established law in Texas that indigency is
determined on a case-by-case basis considering the financial status of the
defendant at the time of the appeal.  215 S.W.3d at 414-15.  The defendant must
present a prima facie showing of indigence, and then the burden shifts to the
State to refute.  Id. at 415.  Reasonableness of expense may be
considered and must be reviewed in light of the totality of the defendant=s financial situation.  Id.
at 416.  The appellate court is limited to consider the sworn evidence before
the trial court and may not consider factual assertions outside the record.  Whitehead
v. State, 130 S.W.3d 866, 872 (Tex. Crim. App. 2004).

Appellant
has failed to establish that the trial court erred in denying his motion for a
free reporter=s record. 
In fact, the record before this court supports the trial court=s ruling.  Appellant=s challenge to the trial
court=s order denying
his motion for a free record is overruled, and the order is affirmed.

Because
the finding that appellant is not indigent has been affirmed, we now proceed to
appellant=s challenge
as to the merits of his conviction.  Appellant is directed to file the reporter=s record from the trial on
the merits in this court on or before March 3, 2008.  This court is very
concerned with the inordinate delay in the submission of this appeal.  Therefore,
appellant is directed to file his brief on the merits in this court on or
before April 2, 2008.  Failure to file the brief by April 2 may result in
the submission of the appeal on the merits on April 2 pursuant to
Rule 38.8(b)(4).  The mailbox rule will not apply, and the brief must be
actually filed in this court by the April 2 due date.

The
order of the trial court is affirmed.

 

PER CURIAM

 

January 31, 2008

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]Appellant=s
last name is spelled both AMurgia@ and AMurguia.@